Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6781 | **DATE** | September 26, 2001 |
| **CASE TITLE** | Middletown, Inc. v. Minnesota Mining & Manf. Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] 3M's motion for summary judgment of noninfringement [ ] is granted as to both the Bando and Achilles films. Middleton's motion for partial summary judgment that the Achilles film literally infringes claim 4 of the '514 patent [ ] is denied. The parties may submit an appropriate judgment order by October 5, 2001. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | SEP 28 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | FOR DOCKETING 01 SEP 28 AM 9:54 | docketing deputy initials 9/26/01 |
| | Copy to _____ | | date mailed notice |
| KAM courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIDDLETON, INC., ) | |
| ) | |
| Plaintiff and ) | |
| Counter-Defendant, ) | |
| ) | |
| v.   ) | No.  96 C 6781 |
| ) | |
| MINNESOTA MINING AND ) | |
| MANUFACTURING COMPANY, ) | |
| ) | |
| Defendant and. ) | |
| Counter-Plaintiff. ) | |

## MEMORANDUM OPINION

Pending before the court are two motions. The defendant 3M has a renewed motion for a partial summary judgment that the Bando film does not infringe claim 4 of the '514 patent because it is not "a uniform flexible film" as that limitation has been interpreted by the Court of Appeals for the Federal Circuit.  The other pending motion is one by plaintiff Middleton for partial summary judgment that the Achilles film does infringe claim 4 of the '514 patent.

We will discuss these motions separately.

### 3M's Motion

The Court of Appeals did not adjudicate the meaning of "uniform flexible film" because this court had granted summary judgment on the basis of a different claim limitation.  But in the course of reversing and remanding the case the Federal Circuit

clearly indicated how we should interpret "uniform flexible film" should we decide on remand to attempt an adjudication on the basis of that limitation. The Court stated that:

> We understand the district court's interpretation to mean that the film must have the same thickness throughout, except that normal manufacturing tolerances are allowed. Thus, while the film cannot have a thickness of 1 mil at one location and 25 mil at another, it may have variations in thickness due solely to the practical realities of the film manufacturing process. We note that at oral argument, the parties did not appear to dispute this reading of the district court's claim construction.

Middleton Inc. v. Minnesota Mining & Mfg. Co., No. 99-1201, at 11-12, 1999 W.L. 1072246, at *6 (Fed. Cir. Nov. 16, 1999).

Following remand, we held an evidentiary hearing on whether the Bando film is of uniform thickness. At the hearing it became clear that there is no genuine dispute that the Bando film has variations in thickness which are far in excess of "normal manufacturing tolerances" or "variations in thickness due solely to the practical realities of the film manufacturing process." In fact, the Bando film is intentionally manufactured in a way that causes it to vary as much as +22% from its average thickness. This is caused by the use of a textured roller which impresses of film with a 3-dimensional pattern and by the addition of glass fiber to the film as it is being manufactured.

At the hearing, Middleton presented no relevant evidence that the Bando film has a uniform thickness. In the briefing subsequent to the hearing, Middleton argues that there is a genuine issue as

to whether the Bando film is the <u>equivalent</u> of the film which is the subject of claim 4. But we agree with 3M that Middleton is barred from relying on the doctrine of equivalents by the fact that it added the "uniform thickness" limitation as a response to the Examiner's rejection of the parent application. <u>Festo Corp. v. Shoketsu Kinzoku Kogyo Kabuskiki Co., Ltd.</u>, 234 F.3d 558, 566, 569 (Fed. Cir. 2000).

Because there is no genuine issue of material fact, we will grant 3M's motion for partial summary judgment that its Bando film does not infringe claim 4 of the '514 patent.

### Middleton's Motion

Middleton's motion is addressed to 3M's Achilles film. The existence of this film did not come to the attention of counsel and the court until the conclusion of the evidentiary hearing, and it was not addressed at the hearing. The parties undertook to do whatever discovery was necessary to present their positions on the Achilles film, and they have now filed their briefs and evidentiary materials.

Like the Bando film, the Achilles film is intentionally manufactured in a manner that results in an uneven thickness throughout the film. 3M has filed the affidavit of Kevin Swatosh, a project engineer for Achilles, U.S.A., the manufacturer of the film. The affidavit recites that the film sold by Achilles to 3M is made by using a textured embossed roll, and that:

> All films made with a textured embossed roll have variations in their thickness that is not due only to the nature of the film manufacturing process, but is the result of the decision to use a textured embossed roll, as well as the particular pattern of the roll itself.

Affidavit, ¶ 9. Mr. Swatosh goes on to state:

> The textured embossed roller is not a required component of the film manufacturing process – Achilles can and does manufacture films that are smoother than the one it supplies to 3M by using a smooth pressure roller in place of a textured embossed roller.

Affidavit, ¶ 12. Middleton has filed no counter affidavit or any other evidentiary material disputing these statements of Mr. Swatosh. Instead, it makes arguments which we think are irrelevant to the question of whether the Achilles film is of a uniform thickness as the Court of Appeals has defined the term.[1] We will deny Middleton's motion for summary judgment on the Achilles film. Although 3M has not formally moved for summary judgment, it states in its brief that is entitled to it, and we agree. Because there is no genuine issue as to whether the Achilles film is "a uniform flexible film" within the meaning of claim 4, we will grant 3M's request for summary judgment that the Achilles film does not infringe claim 4 of the '514 patent.

---

[1] Middleton also argues that there is no genuine dispute as to whether the Achilles film meets the other limitations of claim 4, and 3M has responded. In view of our holding as to uniform thickness, we need not discuss these other limitations.

## CONCLUSION

3M's motion for summary judgment of noninfringement is granted as to both the Bando and Achilles films. Middleton's motion for partial summary judgment that the Achilles film literally infringes claim 4 of the '514 patent is denied. The parties may submit an appropriate judgment order by October 5, 2001.

Date:      September 26, 2001

ENTER:     _____
           John F. Grady, United States District Judge